**TA'AVASA F. FALESIGAGO TAUALA, Objector**

**v.**

**LUAVASA TAUALA, Claimant**

**LEFITI FA'AFETAI, for himself and on behalf of members of the TAUALA family, Plaintiff**

**v.**

**LUAVASA TAUALA, Defendant**

**[In the Matter of the Registration of the Matai Title "TAUALA" of the Village of Ta'u]**

MT No. 6-88
MT No. 7-88

October 20, 1989

Before REES, Associate Justice, OLO, Associate Judge, VAIVAO, Associate Judge, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Objector, Togiola T.A. Tulafono
For Claimant, Charles V. Ala'ilima

On Motion for Reconsideration:

Luavasa Tauala moves for reconsideration of the Court's order finding him in contempt and sentencing him to serve five weekends in the Correctional Facility.

The contempt consisted of violating an injunction not to hold himself out as the Tauala titleholder. Luavasa and all other claimants to the title were enjoined from "asserting any authority or doing anything which such matai title holder would do within and outside of the village of Ta'u, Manu'a." Luavasa was found to have performed a role in a village function which, according to Samoan custom, was absolutely inconsistent with his status as an untitled man. He claims no matai title other than Tauala, and his actions at the function in question were those which Tauala ordinarily would have performed. He was therefore found to have violated the order not to assert the authority of Tauala or to do anything which Tauala would do.

Luavasa now contends that the Court engaged in a "broad interpretation" of the injunction, and that he should not have been found in contempt since he avoided using the name Tauala. He particularly relies on the testimony of one witness, Leasau, whose testimony he interprets as tantamount to a "special dispensation" by the village council allowing him to participate in the function as an untitled man notwithstanding the admitted tradition to the contrary.

We find this argument unconvincing. The "special dispensation" --- assuming for the sake of argument that the village council ever agreed to any such thing --- was a smokescreen evidently designed to insulate Luavasa from the consequences of what he surely knew to be a clear violation of the substance of the Court's order. Indeed, it was quite clear from the testimony of Leasau that he believes the Court had no authority to enjoin Luavasa from using the title in the first place. For a person who has been specifically ordered by a Court not to do certain things, perhaps the surest way to be found in contempt of Court is to accept a "special dispensation" from someone who believes that he and not the Court has the final authority to say what the law is.

20

Luavasa was enjoined not just from using the name Tauala, but also from holding himself out as Tauala, asserting the authority of Tauala, or performing any of Tauala's usual functions. A person who had been enjoined to stop asserting the authority of a judge would violate such an injunction if he wore a black robe and purported to announce judgments, even if he designated himself a special non-judicial adjudicatory officer. An injunction not to assert the authority of the Governor would be violated by an attempt to veto a bill, even if the attempt were accompanied by a solemn assurance that it was being done not in the vetoer's capacity as Governor but in his capacity as himself. Similarly, the performance by one who has long claimed to be Tauala of acts that throughout the centuries have only been performed by orators of the standing of Tauala is an assertion of the authority of Tauala, notwithstanding the dramatic announcement of a new and contrary tradition.

Finally, Luavasa apologizes for the misunderstanding and promises that it will not happen again if his jail sentence is remitted. We note, however, that this is the third time Luavasa has been found to have violated the law by holding himself out as Tauala. In 1976 Chief Justice Jochimsen found that "defendant Luavasa Tauala did disobey the order of the Court" by holding himself out as the Tauala titleholder, but decided that "the court will overlook this and will not take action against the defendant at this time." LT No. 189-76, Order Restraining Luavasa Tauala from Holding and Using the Tauala Title, issued December 30, 1976. Again in January of 1989, Chief Justice Kruse and three Associate Judges found that "the matai title Tauala is vacant, and defendant is holding himself out as the title holder . . . contrary to Section 1.0410 ASCA, subjecting himself to criminal penalties under Section 1.0414 A.S.C.A." There was testimony at the recent hearing of several arguable violations of the injunction issued in January. Far from taking a broad interpretation of the injunction, we gave Luavasa the benefit of every possible doubt and found him guilty of contempt only for one of these violations. He has already had a second chance and a third chance, and at some point the law must be enforced.

Accordingly, the motions for reconsideration and for a stay of execution are denied.

It is so ordered.